# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY RAY TALBERT | CIVIL ACTION NO. 07-1441-P |
| VERSUS | JUDGE WALTER |
| LARRY DEAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint and two amended complaints filed in forma pauperis by pro se plaintiff Anthony Ray Talbert ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 29, 2007. Plaintiff is incarcerated at the Bossier Medium Security Facility in Plain Dealing, Louisiana, and he complains his civil rights were violated by prison officials. He names Larry Dean, the Bossier Sheriff Correctional Facility, Captain Grey and Lt. Jacobs as defendants.

Plaintiff claims that on December 21, 2006, he was transferred to the Bossier Medium Security Facility. Plaintiff claims he is being housed in a dorm which was built to house female inmates. He claims there are no urine trouts in the dorm. He claims the toilets are in the open dorm and leak. He claims he is housed in unsanitary conditions because he is exposed to raw sewage.

Plaintiff claims the fire marshal walks through the dorm but does not actually inspect it.  He claims the dorm has no signs marking the fire evacuation routes and exits.

Plaintiff claims he is given only one uniform per week.  He claims he is given one bar of soap and one tube of toothpaste every two weeks.  He claims he is not given proper cleaning supplies.  He claims the food is inadequate.  He claims a deal meal consists of a bologna sandwich and two tablespoons of vegetables.  He further complains that the food is always served cold.  He claims there is no fresh air.  He claims he has been denied recreation time.

Plaintiff claims he is beaten.  He claims inmates are threatened if they make a request for medical tests.

Plaintiff claims he has a pre-existing back condition.  He claims he had not received any treatment for this condition.

Plaintiff claims he was approved for a transfer to another facility in June 2007.  He complains that he still has not been transferred.

Accordingly, Plaintiff seeks monetary compensation, a transfer to a another facility and an investigation.

## LAW AND ANALYSIS

### Conditions of Confinement

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person

acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.   Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious.  See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment.  Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Furthermore, this Court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court recently defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.

Finally, a prisoner must also allege an injury that is more than <u>de</u> <u>minimis</u>, although it need not be significant.  <u>See</u> <u>Gomez v. Chandler</u>, 163 F.3d 921, 924 (5th Cir. 1999).  <u>See also</u> <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  <u>See</u> <u>Wilson</u>, 501 U.S. at 298, 111 S. Ct. at 2324.   Plaintiff complains that he was house in a dorm designed to house female inmates.  He claims there were no urinals in the dorm.  He claims the toilets are in the open dorm and leak.  He claims the fire evacuation routes and exits are not marked.  He claims he is given one uniform per week.  He claims inmates are given only one bar of soap and one tube of toothpaste every two weeks. He claims the cleaning supplies are inadequate. He claims the food is inadequate and cold. After considering the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this Court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  <u>See</u> <u>Wilson</u>, 501 U.S. at 298, 111 S. Ct. at 2324.  The Court finds that Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence, because with regard to each of these claims, Plaintiff has failed to allege that he sustained any harm or injury as a result of his exposure to the complained

of conditions.   Thus, the Court does not consider the deprivation alleged to be sufficiently serious.

Accordingly, the conditions alleged do not rise to the level of cruel and unusual punishment.  Plaintiff's claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**Conclusory Claims**

Plaintiff claims he has been exposed to raw sewage.  He claims he has been denied fresh air.  He claims he has been denied recreation time.  Plaintiff claims he has been beaten. He claims inmates are threatened if they make a request for medical tests.  He claims he has a pre-existing back condition for which he has not received treatment.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so regarding these claims, even though he has amended his complaint twice.

Accordingly, these claims should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Transfer Claims**

Plaintiff claims that he has not been transferred to another facility even though he was approved for a transfer in June 2007.  The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration.  See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).  Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison.

Accordingly, Plaintiff's claim that he has been denied a transfer to another facility should be dismissed with prejudice as frivolous.

**Bossier Sheriff Correctional Facility**

Plaintiff names the Bossier Sheriff Correctional Facility as a defendant.  Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The Bossier Sheriff Correctional Facility is a building, not a "person" subject to suit under § 1983.  See Wetzel v. Strain, 2010 WL 521008 (E.D. La. 2/9/2010).

Accordingly, Plaintiff's claims against the Bossier Sheriff Correctional Facility should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of March, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE